O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8464 AHM (AGRx) | Date | May 25, 2010 |
|---|---|---|---|
| Title | BRIAN HARRIS, *et al.* v. CITY OF PALM DESERT, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On May 6, 2010, the Court ordered these *pro se* Plaintiffs to show cause in writing, no later than May 20, 2010, why the above-entitled action should not be dismissed as to all remaining defendants for lack of prosecution, due to a failure to timely serve the Complaint. To date, Plaintiffs have not complied with this Order. Moreover, since January 21, 2010, all mail that the Court has sent to Plaintiffs has been returned as undeliverable. *Pro se* Plaintiffs have a duty to keep the Court and opposing parties apprised of their current address. L.R. 41-6. Failure to keep the Court so apprised may result in dismissal for lack of prosecution. *Id.*

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissal of actions for failure to diligently prosecute. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 629-30 (1962); *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998). The Plaintiffs' failure to timely serve their Complaint, respond to the Order to Show Cause, and keep the Court apprised of their current address demonstrates their failure to diligently prosecute this action. This Court, in determining to dismiss the case due to the Plaintiffs' failure to diligently prosecute, has weighed the following relevant factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of the dismissal of the action. This Court has ordered Plaintiffs to show cause why their case should not be

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8464 AHM (AGRx) | Date | May 25, 2010 |
|---|---|---|---|
| Title | BRIAN HARRIS, *et al.* v. CITY OF PALM DESERT, *et al.* | | |

dismissed for failure to timely serve the Complaint, but Plaintiffs have failed to do so. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) ("Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default." (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal. *Hernandez*, 138 F.3d at 400-01. However, the fourth factor, the public policy favoring disposition of cases on their merits would weigh against dismissing the case. Finally, with regard to the fifth factor, this Court provided the Plaintiffs an opportunity to show cause why their case should not be dismissed for lack of prosecution, but they failed to do so. Considering the relevant factors, dismissal is appropriate.

Accordingly, good cause appearing therefor, the Court hereby DISMISSES this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey an order of this Court. The Clerk of the Court is directed to close the file.

| | : | |
|---|---|---|
| Initials of Preparer | | SMO |

**JS-6**